[Crim. No. 2948.   Second Appellate District, Division Two.—March 8, 1937.]

THE PEOPLE, Respondent, v. WALTER J. WATERS, Appellant.

Kirtland I. Perky and James E. Fenton for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was convicted of murder in the first degree and appeals from the judgment and from an order denying his motion for a new trial. Early in the morning of September 6, 1936, in front of the Stag Cafe on South Main Street in the city of Los Angeles defendant stabbed and cut Walter D. Parkins in such a manner as to cause the death of Parkins. Defendant and a number of others

had been drinking excessively. A number of witnesses for the prosecution testified that defendant slashed and cut deceased about the face, neck and abdomen without a previous quarrel and without provocation and that about the same time defendant cut several other persons with a knife. The proprietor of the cafe, upon being called to the scene, knocked defendant down three times with a broom before he was quelled. ■ Defendant contends that the evidence does not justify a conviction of an offense greater than manslaughter. Defendant testified in his own behalf that there was a quarrel and that he had been attacked by deceased. His statement finds little support in the testimony of the other witnesses. There is ample evidence in the record to justify a verdict of murder in the first degree.

■ Defendant contends that the trial court erred in permitting the district attorney, upon cross-examination of defendant, to elicit the information that defendant had been convicted of an assault while he was in the army and had been confined for one year at Alcatraz. The district attorney in his questions referred to the place of confinement as a penitentiary but defendant testified that it was "a disciplinary barracks of the army". Defendant complains of the action of the district attorney in placing this matter before the jury and in referring to it in his argument. The district attorney had the right to prove that defendant had been convicted of a felony but had no right to prove conviction of a misdemeanor. Proof of the conviction of a felony is permitted for the purpose of impeaching the witness. It is an attack on his credibility. We need not decide whether the proof established a conviction of a felony since we must conclude from an examination of the entire record that the rulings of the court in this regard would not in any view of the question involved justify a reversal of the judgment of conviction. (Const. Cal., art. VI, sec. 4½.)

The judgment and order are affirmed.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 5, 1937.